# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESSICA WILLIAMS,

    *Petitioner*,

vs.

CHRISTINE BODO, *et al.*,

    *Respondents.*

2:04-cv-01620-KJD-LRL

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#38) to dismiss by respondents.  The motion seeks dismissal of the petition in whole or in part on the basis that Grounds 2 and 3 are not exhausted, Ground 8 is procedurally defaulted, and Grounds 1(a), 1(b) and 7 fail to state a claim.  In the present order, the Court reaches only the exhaustion issues.  The Court defers any necessary consideration of the remaining issues until after, *inter alia*, the Court has acted on any request by petitioner for dismissal or other appropriate relief with regard to Ground 2 in response to this order.

### *Governing Exhaustion Law*

    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts.  To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.

1  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329
2  F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific
3  federal constitutional guarantee and must also state the facts that entitle the petitioner to relief
4  on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.
5  2000). That is, fair presentation requires that the petitioner present the state courts with both
6  the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v.
7  Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures
8  that the state courts, as a matter of federal-state comity, will have the first opportunity to pass
9  upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman
10 v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

11   Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed
12 petition presenting both exhausted and unexhausted claims must be dismissed without
13 prejudice unless the petitioner either dismisses the unexhausted claims or seeks other
14 appropriate relief.

***Discussion***

***Ground 2***

17   In federal Ground 2, petitioner alleges that the state trial court violated her right to due
18 process of law when it refused to hear the merits of her motion to suppress the State's blood
19 test results after the defense learned at trial that the State had failed to refrigerate the blood
20 sample, which rendered the defense's favorable retest of the sample invalid. The state district
21 court instead denied the motion as untimely. #24, at 21-22.

22   Petitioner did not rely on the federal Due Process Clause in the corresponding claim
23 raised on direct appeal. Rather, petitioner claimed only that the trial court "committed plain
24 error" under N.R.S. 174.125 by refusing to hear the motion to suppress on the merits. #39,
25 Ex. C.

26   Petitioner first contends that she exhausted the federal due process claim in federal
27 Ground 2 in state court because she stated in the claim on direct appeal in state court that
28 "[t]he Trial Court could have suppressed the State's alleged blood test results or given the

Jury a limiting instruction as was done in *Arizona v. Youngblood*, 488 U.S. 55 (1988) . . . ." However, the statement on direct appeal that the trial court could have given a limiting instruction under *Arizona v. Youngblood* if it had heard the merits of the motion does not alter the fact that petitioner claimed on direct appeal only that the trial court committed plain error under N.R.S. 174.125 in refusing to consider the merits of the motion. She did not claim in state court, as she does now in federal court, that the state district court violated the federal Due Process Clause when it refused to hear the motion on the merits and instead denied the motion as untimely.

Petitioner next contends that the exhaustion of the federal Due Process Clause claim is demonstrated by the fact that the Supreme Court of Nevada addressed her constitutional destruction of evidence claim and specifically cited *Arizona v. Youngblood*. *See Williams v. State*, 118 Nev. 536, 551-52, 50 P.3d 1116, 1126 (2002). The Nevada Supreme Court's consideration of petitioner's distinct merits claim based upon destruction of the evidence does not demonstrate the exhaustion of a claim that the state district court violated the Due Process Clause when it declined to consider the merits of the trial motion to suppress on procedural grounds under N.R.S. 174.125.

Ground 2 is not exhausted.

***Ground 3***

In federal Ground 3, petitioner alleges that the state trial court violated her right to due process of law when it eliminated the State's burden of proof on the element of proximate cause under the offense in N.R.S. 484.3795 and/or shifted the burden of proof to the defense on this issue.

Respondents contend that federal Ground 3 was not exhausted on direct appeal because "[i]n the State courts Williams had alleged in direct appeal claim 2 that the trial court had shifted the burden of proof of the element of proximate cause to the defense" #41, at 5. Respondents maintain that "[h]ere, in contrast, the Petitioner alleges in claim 3 that the trial court eliminated the State's burden of proof on the element of proximate cause by ruling as a matter of law that the placement of teenagers performing community service on the highway

1  median was not a superceding cause of the Petitioner's crimes." Respondents contend that
2  "[b]ecause the theory of the claim has changed, it is a new and unexhausted claim." #38, at
3  8. They urge that"[b]urden shifting is logically distinct from element elimination." #41, at 5-6.
4    The Court is not persuaded. Petitioner's claims in both the federal and state courts
5  include, *inter alia*, the same allegations, repeated nearly verbatim, vis-à-vis the state trial
6  court's ruling regarding the placement of the teenagers on the highway median. *Compare*
7  #39, Ex. D *with* #24, at 25-26. In both the federal and state courts, petitioner has referred
8  – in the same paragraph -- both to "shifting the burden of proof to the Defendant on an
9  element of the offense" and to "[e]liminating proximate cause as an element." Respondents'
10 contention that petitioner has referred only to burden-shifting in state court and then instead
11 to element elimination in federal court – to the extent, *arguendo,* that the distinction is one
12 with a material difference in the context of the factual claim presented – is incorrect.[1]
13   Ground 3 is exhausted.
14   IT THEREFORE IS ORDERED that the motion (#38) to dismiss is GRANTED IN PART
15 and DENIED IN PART, as per the remaining provisions of this order, on the basis that Ground
16 Two is not exhausted. The Court defers consideration of the procedural default and other
17 issues raised in the motion to dismiss at this juncture.
18   IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this
19 order within which to file a motion for dismissal without prejudice of the entire petition, for
20 partial dismissal only of Ground Two, and/or for other appropriate relief. Any motion filed
21 must contain or be accompanied by, either contemporaneously or via a document filed within
22 ten (10) days thereafter, a signed declaration by the petitioner under penalty of perjury
23 pursuant to 28 U.S.C. § 1746 that she has conferred with counsel in this matter regarding her

---

[1] Petitioner's Exhibit D includes only the final and most pertinent two pages of the claim on direct appeal. The Court reaches the same conclusion after reviewing the entirety of the argument on this claim on direct appeal, which is found in No. 2:03-cv-00874-PMP-LRL, #16, Ex. 1, at 11-16. Respondents did not file any exhibits with the motion to dismiss and instead incorporated the exhibits from the prior action for the Court's convenience. As directed at the conclusion of this order, it is the Court's preference that the respondents file an indexed set of all exhibits necessary for the adjudication of any motions or answer filed in this case in the file in this case, for the convenience not only of this Court but of reviewing courts as well.

options, that she has read the motion, and that she has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the required verification is not timely filed.

IT FURTHER IS ORDERED that respondents may file a new motion to dismiss on the basis of procedural default and/or other issues if the Court again orders a response to the claims then remaining before the Court. The parties, if they wish, may incorporate their prior arguments in full regarding the procedural default and other issues from the present motion to dismiss.

IT FURTHER IS ORDERED that, on any motion to dismiss or answer filed by respondents subsequently in this matter, respondents shall file an indexed set of state court record exhibits in the file in this matter, without incorporation of state court record exhibits filed previously in another file, of all exhibits that are not previously on file in this case that pertain to the issues in the motion or answer. Any exhibits filed by any party in this matter shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27.

DATED: June 11, 2007.

_____
KENT J. DAWSON
United States District Judge