# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESSICA WILLIAMS,

    *Petitioner*,

vs.

CHRISTINE BODO, *et al.,*

    *Respondents*.

2:04-cv-01620-KJD-LRL

ORDER

    This represented habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#89) for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

    In order to seek a *Rhines* stay to return to the state courts to exhaust a claim or claims, the petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278, 125 S.Ct. 1535.

    Respondents contend that petitioner has failed to show that the unexhausted claims in Grounds 6 and 8 are not plainly meritless, focusing initially upon Ground 8.

    Ground 8 includes unexhausted claims that petitioner was denied due process of law in violation of the Fourteenth Amendment because: (a) she was denied fair warning under the relevant statutory language that having marijuana metabolite in her blood would subject her to criminal liability; and (b) the state supreme court's allegedly unforeseeable and retroactive

judicial expansion of the statute to include the metabolite as a prohibited substance also deprived her of fair warning.

Respondents contend that these claims are plainly meritless because the state supreme court's decision consisted of simply a straightforward application of established principles of statutory construction "known to all courts." Respondents urge that the decision applied simple rules of interpretation "familiar to any court" and that "[t]o practitioners of Nevada law, the decision was unremarkable." #90, at 3 & n.1. Respondents accordingly maintain that "[b]ecause there has been no credible showing on at least one of the mandatory *Rhines* factors, the motion should be denied." *Id.*, at 4.

The undersigned has been a member of the Nevada bar for forty years, actively practiced as a Nevada lawyer for over twenty years, served five years on the state bench, and regularly has applied Nevada law as a federal judge sitting in this state for over a decade. The undersigned observed as follows in the prior order as to these claims:

> While the Supreme Court of Nevada undeniably is the final arbiter of Nevada state law, the state supreme court's reading of the relevant state statutes in this case is – at best – problematic. The state high court's decision in *Williams II* arguably glosses over the fact that N.R.S. 484.1245 is not merely "another statutory provision" in "the same statutory scheme." Rather, under the most natural reading of the three statutes in question, N.R.S. 484.1245 arguably provides *the* definition of "prohibited substance" applicable to the other provisions, which by their express terms do not define "prohibited substance."
>
> As noted, however, the Supreme Court of Nevada is the final arbiter of Nevada state law. A federal court, including even the United States Supreme Court, clearly cannot substitute its own judgment for that of the Supreme Court of Nevada on a question of Nevada state law. The state supreme court's decision in *Williams II* essentially "cuts the legs out from under" petitioner's claim that *Griffin* and *Leary* require a new trial because marijuana metabolite is not a prohibited substance under the relevant Nevada statutes. This Court cannot look behind the state supreme court's holding on the state law predicate required for that federal claim. *See,e.g., Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007).
>
> Review of federal due process claims based upon the failure of the statute, or a judicial construction thereof, to provide fair warning as to prohibited conduct is another matter, however. Such claims clearly are within the cognizance of a federal court on federal habeas review. *See,e.g., Medley, supra*.

> In this particular case, however, it would appear that petitioner's fair-warning due process claims were not fairly presented to the state courts and exhausted. To exhaust a claim, *both* the factual basis *and* the specific federal legal theory upon which the petitioner's claim is based must be fairly presented to the state courts. *E.g., Castillo, supra.* The Court does not have the discretion to simply ignore the exhaustion doctrine, except where it is dismissing a claim for lack of merit. *See* 28 U.S.C. § 2254(b)(2). . . . .
>
> Williams' fair-warning due process claims do not appear to be subject to dismissal on their face, as, indeed, the claims would appear to have substantial arguable merit. The only option left to this Court therefore is to direct petitioner to show cause why the petition is not subject to dismissal as a mixed petition unless the unexhausted claims are dismissed and/or petitioner seeks other appropriate relief in this regard.

#78, at 9-10 (emphasis in original; footnote omitted).

Regardless of what purportedly may be unremarkable to Nevada practitioners and/or known or familiar to "any court," *this* Court is not persuaded that the fair warning claims in Ground 8 are plainly meritless. Rather, the Court remains of the view, as it clearly stated in the prior order, that the claims "would appear to have substantial arguable merit."

Respondents otherwise provide no points and authorities specifically challenging petitioner's arguments as to good cause and the absence of intentionally dilatory litigation tactics. Respondents failure to provide such points and authorities constitutes a consent to the grant of the motion under Local Rule LR 7-2(d) as to these issues if the sole argument that they present falls short. The Court in any event further finds on the showing and arguments made that petitioner has demonstrated good cause and the absence of intentionally dilatory litigation tactics.

A stay accordingly is appropriate as to the unexhausted claims in Ground 8.

Given the appropriateness of a stay with regard to the unexhausted claims in Ground 8, the Court expresses no opinion as to whether the circumstances pertaining to Ground 6, standing alone, would be sufficient to make a stay appropriate. With a stay ordered based on the circumstances pertaining to Ground 8, the question of what additional claim or claims should be presented to the state courts is a matter for petitioner to determine when seeking relief in those courts.

1     In this regard, the Court noted in the prior order that no record citation had been
2 provided in support of the claims in Ground 6 establishing that the laboratory report witness
3 had testified falsely. See #78, at 10 n.9. Respondents suggest that this note establishes that
4 the claim is speculative and conclusory. However, the note establishes merely what it says,
5 that the Court had not been provided a record citation supporting the claim as yet.[1]

6     Respondents urge that entry of a stay in this matter would offend the policy objectives
7 canvassed in *Rhines.* A stay in this matter, however, is fully consonant with *Rhines,* which
8 canvassed not only the policy objectives that weigh generally against stays in habeas matters
9 but also those served by a stay in an appropriate case:

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See [*Rose v.*] *Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.
> . . . .

17 544 U.S. at 278, 125 S.Ct. at 1535.

18     The motion for a stay accordingly will be granted, as per the remaining provisions of
19 this order.

20     The Court expresses no opinion -- by this order -- as to whether the circumstances
21 presented satisfy the cause and prejudice standard with respect to any claim of procedural
22 default. The holding herein should not be read as an express or implied holding on this issue
23 or any other issue. The Court holds here only that the criteria for a stay under *Rhines* have
24 been satisfied, and its holding in this order is expressly limited to that specific context.

---

[1] Moreover, as noted in the prior order, the United States Supreme Court has granted a petition for *certiorari* to consider a potentially related issue of whether the admission of a laboratory report offered to prove a driver's blood alcohol content violates the Confrontation Clause when the analyst who prepared the report does not testify. *See State v. Bullcoming*, 147 N.M. 487, 226 P.3d 1 (2010), *cert. granted sub nom. Bullcoming v. New Mexico*, 131 S.Ct. 62 (Sept. 28, 2010).

IT THEREFORE IS ORDERED that petitioner's motion (#89) for a stay and abeyance is GRANTED and that this action is STAYED pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED, as discussed in the prior order (#78, at 11), that this order does not preclude, *inter alia,* petitioner from filing a limited motion to reopen the federal proceedings during the stay for the purpose of amending the federal petition to present and preserve claims, even if unexhausted, subject to the continued stay thereafter of the federal proceedings pending exhaustion of the claims forming the basis for the stay.

IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding within, subject to reasonable request for extension, forty-five (45) days of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[2]

IT FURTHER IS ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued, petitioner: (a) shall attach an indexed set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s) on the docketing system) containing the state court record materials relevant to the issues herein that cover the period between the state court exhibits on file in this matter and the motion to reopen; and (b) if petitioner then intends to further amend the petition, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave.[3] Respondents shall have thirty (30) days to file a response to the motion or motions filed. The reopened matter will proceed under the current docket number.

---

[2] If *certiorari* review is sought, either party may move to reinstate the stay for the duration of any such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335, 127 S.Ct. 1079, 1084, 166 L.Ed.2d 924 (2007).

[3] No claims in the current pleadings are dismissed by this order.

IT FURTHER IS ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

DATED: March 17, 2011

_____
KENT J. DAWSON
United States District Judge