UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESSICA WILLIAMS,<br><br>              Petitioner,<br>     v.<br>JO GENTRY, et al.,<br><br>              Respondents. | Case No. 2:04-cv-01620-KJD-GWF<br><br>ORDER |

This counseled habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss certain claims in petitioner Jessica Williams' amended petition (ECF No. 113). Williams opposed (ECF No. 114), and respondents replied (ECF No. 115).

**I.    Procedural History and Background**

On February 16, 2001, a jury convicted Williams of six counts of driving with a prohibited substance in the blood or urine resulting in death; one count of use of a controlled substance; and one count of possession of a controlled substance (exhibit 3).[1] The convictions arose from the deaths of six teenagers assigned to a roadside cleanup crew who were struck and killed on March 19, 2000, when the vehicle that Williams was driving veered off the road into the median. As this court has recounted previously, according to the factual summary by the Supreme Court of Nevada, Williams had stayed up all night the prior evening. Williams admitted that she had smoked

---

[1] Unless otherwise noted, exhibits referenced in this order are exhibits to respondents' answer to the original petition, ECF No. 74, and are found at ECF Nos. 75-76.

1

marijuana approximately two hours before veering off the road and that she had used the designer drug "ecstasy" the prior evening.  Williams had a pipe with marijuana residue and a plastic bag with marijuana.  Blood tests returned positive results for the presence of the active ingredient of marijuana and a metabolite thereof.  Williams maintained that she had fallen asleep at the wheel.  *See Williams v. State*, 118 Nev. 536, 50 P.3d 1116, 1126-27 (2002)(*Williams I*).

The state district court sentenced Williams to what amounted to six consecutive terms of 36 to 96 months.  Exh. 3.  Judgment of conviction was filed on April 6, 2001.  *Id*.  The Nevada Supreme Court affirmed her convictions in a published opinion on August 2, 2002.  Exh. 9; *Williams I*, 50 P.3d 1116.

The state district court granted Williams' state postconviction habeas petition on March 4, 2003, reasoning that the plain language of NRS 484.379 did not include marijuana metabolite as a prohibited substance.  Exh. 14.  The Nevada Supreme Court reversed, concluding that the claim was procedurally barred and that Williams failed to demonstrate good cause and actual prejudice to excuse the default.  Exh. 19.

Ultimately, for the purposes of the current federal habeas petition, Williams, through counsel, filed a petition to commence this action (ECF No. 1), the Federal Public Defender was appointed and original counsel withdrew, and this court granted a stay and abeyance in order to exhaust unexhausted claims (ECF No. 91).  Williams filed a second state postconviction petition in state court (ECF No. 100-1, pp. 98-103; ECF No. 100-2, pp. 1-22).  The Nevada Supreme Court affirmed the denial of the petition, concluding that the claims were procedurally barred (ECF No. 98-4).

This court subsequently granted Williams' motion to lift stay (ECF No. 97, 111) and granted her motion to file an amended petition (ECF No. 111).  Williams filed the amended petition (ECF No. 110), and respondents now move to dismiss grounds 8A, 8B and 9 as procedurally defaulted, grounds 1B, 3 and 6 for failure to state a claim, and ground 9 as time barred (ECF No. 113).

2

## II. Legal Standards & Analysis

### a. Relation Back

Respondents argue that ground 9 does not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 113, pp. 17-18). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that ground 9 must relate back to a timely filed petition in order to be deemed timely (ECF Nos. 113, 114). In ground 9, Williams argues that her trial and appellate counsel rendered ineffective assistance (IAC) in violation of her Sixth and Fourteenth Amendment rights when they failed to raise available constitutional challenges to the application of the driving under the influence statutes to her case (ECF No. 110, pp. 51-53).

3

In *Nguyen*, the Ninth Circuit Court of Appeals recognized that the petitioner's claims of double jeopardy, cruel and unusual punishment, and IAC, while they were different in the "time and type" as claims, were supported by a common core of facts, because the failure to raise the substantive claim of double jeopardy was the basis for the IAC claim. *Nguyen*, 736 F.3d at 1297. Here, ground 9 asserts an IAC claim that is based on counsel's failure to raise the constitutional attacks on the Nevada prohibited substance statutes that were raised in ground 8 of the initial petition (ECF No. 1, pp. 39-42). Accordingly, ground 9 relates back to the original timely petition filed in 2004.

### b. Procedural Default

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

4

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To demonstrate actual prejudice on the basis of his or her claims, petitioner must demonstrate that the alleged errors so infected the trial or entry of plea that the resulting conviction violated due process. *See United States v. Frady*, 456 U.S. 152, 169 (1982).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

**Grounds 8A, 8B and 9**

In ground 8, Williams contends that she was entitled to a new trial under *Griffin v. United States*, 502 U.S. 46 (1991) and *Leary v. United States*, 395 U.S. 6 (1969) (ECF No. 110, pp. 44-50). In ground 8A, Williams argues that marijuana metabolite, carboxylic acid, is not listed in the drug schedules and, therefore, was not a prohibited substance as defined in NRS 484.1245 at the time of the alleged offense. *Id.* at 44-47. In ground 8B, Williams argues that she was denied fair warning under the relevant

5

statutory language that having marijuana metabolite in her blood would subject her to criminal liability and that the state supreme court's allegedly unforeseeable and retroactive judicial expansion of the statute to include the metabolite as a prohibited substance also deprived her of fair warning. *Id.* at 47-50.

As set forth above, in ground 9, Williams argues that her trial and appellate counsel rendered ineffective assistance in violation of her Sixth and Fourteenth Amendment rights when they failed to raise available constitutional challenges to the application of the driving under the influence statutes to her case (ECF No. 110, pp. 51-53).

Respondents argue that these grounds are procedurally defaulted (ECF No. 113, pp. 15-17). Ground 8(A) was first argued to the Nevada Supreme Court when the State appealed the grant of Williams' first state postconviction petition. CITE. This court has already ruled that ground 8(A) is not procedurally barred and declines to revisit this ruling (ECF No. 67, p. 13).

Williams raised ground 8(B) and 9 to the Nevada Supreme Court in the appeal of the denial of her second state postconviction petition. Exh. 15. The Nevada Supreme Court concluded that the petition was procedurally barred because it was untimely, successive, and an abuse of the writ. *Id.*; NRS § 34.726(1); NRS § 34.810(1) and (2). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.810 — is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Williams argues—as she argued previously with respect to ground 8(A) and her first state postconviction petition—that the Nevada Supreme Court departed from its practice of treating postconviction counsel's conflict of interest as cause to overcome procedural defaults, and therefore, the default rulings *in this case* are inadequate to bar federal review (ECF No. 114, pp. 2-14).

6

For Williams' first state postconviction petition, the state district court appointed the attorneys who had represented Williams at trial and on appeal (*see* ECF No. 67, pp. 2-3). Williams' first state postconviction petition raised the claim that is federal ground 8A. On or about March 3, 2003, the state district court granted the petition and reversed Williams' convictions on the six counts. The court held that carboxylic acid did not constitute a prohibited substance under the statute and that Williams therefore was unconstitutionally convicted in violation of the Fourteenth Amendment's Due Process Clause because one of the two prohibited substances presented to the jury (marijuana or marijuana metabolite) could not serve as a lawful basis for a conviction under N.R.S. 484.3795(f). Exh. 14.

The State appealed, renewing its argument that the petition was procedurally barred because Williams sought to raise a claim that could have been raised on direct appeal. In her answering brief, petitioner responded, as she had in the district court, *inter alia*, that ineffective assistance of counsel established both cause and prejudice excusing any procedural default if the issue was one that could have been raised on direct appeal. No separate and independent claim of ineffective assistance of counsel was presented in the state postconviction petition, on this or any other basis.

The Supreme Court of Nevada held that the claim was procedurally barred under N.R.S. 34.810(1)(b) due to Williams' failure to raise the claim previously at trial and on direct appeal. *See State v. Williams*, 93 P.3d 1258 (Nev. 2004) (ECF No. 67).

In its March 5, 2009 order, this court agreed with Williams that, in its order concluding that the claim was procedurally barred, the Nevada Supreme Court departed from its general practice of *sua sponte* recognizing a conflict in a situation such as Williams' where counsel who represented her at trial and on appeal was appointed to litigate the postconviction petition (ECF No. 67). As noted, this court then denied the motion to dismiss ground 8. *Id.*

Subsequently, on September 29, 2010, in the context of a review of the merits of the petition, this court determined that the claim that forms the current ground 8B (Williams' claim that she was denied Fourteenth Amendment due process of law because she was denied fair warning under the relevant statutory language that having marijuana metabolite in her blood would subject her to criminal liability and that the state supreme court's allegedly unforeseeable and retroactive judicial expansion of the statute to include the metabolite as a prohibited substance also deprived her of fair warning) were unexhausted (ECF No. 78).[2]

On March 17, 2011, this court granted Williams' motion, filed by the Federal Public Defender, to stay the federal proceedings while she returned to state court to litigate federal ground 8B (ECF No. 91).

Williams filed a second state postconviction petition, raising federal grounds 8B and the trial and appellate IAC claims that are now federal ground 9. The state district court held that Williams demonstrated good cause to excuse her late and successive petition because postconviction counsel in the first state postconviction proceedings had a conflict of interest as they had represented her at trial and on appeal. However, the state district court found that Williams failed to demonstrate actual prejudice, and therefore, it denied the second state postconviction petition.

On appeal of the second state postconviction petition, the Nevada Supreme Court agreed with the result but disagreed with the good-cause determination. The state supreme court concluded that the alleged conflict of counsel could not provide good cause because there is no right to counsel in postconviction proceedings and thus no right to the effective assistance of postconviction counsel in noncapital proceedings (ECF No. 98-4, p. 3, citing *Brown v. McDaniel*, 331 P.3d 867, 870 (Nev. 2014)).

While respondents now move to dismiss ground 8B and ground 9 as procedurally barred, this court concludes that its decision that (what is now) ground 8A was not

---

[2] The court ultimately appointed the Federal Public Defender and granted Williams' counsel's motion to withdraw (ECF Nos. 78, 86).

8

subject to dismissal as procedurally barred necessarily extends to grounds 8B and 9. That is to say, this court has already held that the Nevada Supreme Court did not default the claim in the first state postconviction petition on an adequate state-law ground. This court examined all the Nevada state cases that Williams cited at that time in reaching its decision. The court noted then that respondents did not offer state cases to counter Williams' argument. Now, Williams points to the same cases and with good reason—the same conflict—that her trial and appellate counsel were also appointed to represent her in her first state postconviction proceedings—is at issue. Respondents argue that, in its order affirming the denial of the second state postconviction petition, the Nevada Supreme Court clarified that the rule found not to have been consistently applied relating to conflict of interest situations was not a state-law rule of procedure that can default a claim (ECF No. 113, p. 17). However, this assertion overlooks the fact that this court already analyzed the same state cases that the Nevada Supreme Court considered with respect to the second state postconviction petition and reached a different conclusion. Respondents have not demonstrated a basis to revisit that conclusion. Accordingly, this court declines to dismiss grounds 8B and 9 as procedurally barred.

### c. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

9

Generally, a challenge to a state evidentiary ruling does not involve a deprivation of a federal constitutional right, and therefore, is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal writ is not available for alleged error in the interpretation or application of state law); *Rhoades v. Henry*, 638 1027, 1034, n. 5 (9th Cir. 2011) ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief."); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

**Ground 1(b)**

Williams contends that the trial court erred by holding that she did not satisfy *Leonard v. State* (ECF No. 110, pp. 6-18). She asserts that *Leonard* held that a federal due process violation occurs when the State fails to preserve evidence if either the State acted in bad faith or the defendant suffered undue prejudice and the exculpatory value of the evidence was apparent before it was lost or destroyed. 17 P.3d 397 (Nev. 2001). Respondents argue that this is a state-law claim only and thus noncognizable on federal habeas review (ECF No. 113, pp. 18-19). However, Williams clearly bases this claim on the federal due process standards under *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988). Ground 1(b) states a federal habeas claim.

**Ground 3**

Williams asserts in ground 3 that the trial court erred in eliminating the State's burden of proof on proximate cause in violation of her Fourteenth Amendment due process rights (ECF No. 110, pp. 21-25). The gravamen of Williams' claim here is that the trial court erroneously prevented her from arguing that the State was negligent in placing the victims on the highway median as a cleanup crew. Respondents are correct that this issue of proximate cause, intervening cause, and superseding cause is a state-law issue (ECF No. 113, pp. 19-21). Ground 3 is dismissed as noncognizable on federal habeas review.

### d. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### Ground 6

Williams contends that Dana Russell's trial testimony and supporting affidavits are false because Ms. Russell did not test Williams' blood, and Russell's perjured testimony affected the judgment of the jury (ECF No. 110, pp. 41-42). Respondents argue that this claim is bare and conclusory; they point out that Williams fails to set forth specific allegations and fails to refer to any facts in the record (ECF No. 113, pp. 21-22). In her opposition to the motion to dismiss, Williams contends—with no elaboration—that the available evidence supports the claim (ECF No. 114, p. 18). She cites to what the court has discerned is a portion of the appendix to her fast track statement to the Nevada Supreme Court on appeal of the denial of the second state postconviction petition (ECF No. 100-1). She points the court—again, with no elaboration—to 8 pages out of a 103-page exhibit. While entirely unclear, it appears to be part of a transcript of testimony that others in a laboratory were involved with the blood testing, along with Russell. Ground 6 is dismissed as bare and conclusory.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 113) is **GRANTED** in part as follows:

Grounds 3 and 6 are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that respondents will have sixty (60) days from the date this order is entered within which to file an answer to the remaining claims in the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner will have forty-five (45) days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file a response to the amended petition (ECF No. 112) is **GRANTED** *nunc pro tunc.*

DATED: 12 March 2018.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE