# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JESSICA WILLIAMS,

    Petitioner

v.

CHRISTINE BODO, et al.,

    Respondents

Case No.: 2:04-cv-01620-KJD-GWF

**ORDER**

On March 12, 2018, the court granted respondents' motion to dismiss this 28 U.S.C. § 2254 habeas corpus petition in part, dismissing grounds 3 and 6 and declining to dismiss grounds 8 and 9 (ECF No. 116). Respondents have filed a motion for reconsideration as to grounds 8 and 9 (ECF No. 119). Petitioner Jessica Williams opposed, and respondents replied (ECF Nos. 126, 132). As discussed below, the motion for reconsideration is denied.

A federal district court has the inherent authority to reconsider an interlocutory order. *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); Fed. R. Civ. P. 59; Local Rule 59-1(a). Reconsideration of prior court rulings is generally reserved for instances in which the court changes its position (1) based on the discovery of new evidence; (2) due to a subsequent change in the law; or (3) to correct a clear legal error. *See McDowell v. Calderon*,

197 F.3d 1253, 1255-56 (9th Cir. 1999); Local Rule 59-1(a).  Motions for reconsideration are disfavored.  Local Rule 59-1.

**Grounds 8 and 9**

In ground 8, Williams contends that she was entitled to a new trial under *Griffin v. United States*, 502 U.S. 46 (1991) and *Leary v. United States*, 395 U.S. 6 (1969) (ECF No. 110, pp. 44-50). In ground 8A, Williams argues that marijuana metabolite, carboxylic acid, is not listed in the drug schedules and, therefore, was not a prohibited substance as defined in NRS 484.1245 at the time of the alleged offense. *Id*. at 44-47.  In ground 8B, Williams argues that she was denied fair warning under the relevant statutory language that having marijuana metabolite in her blood would subject her to criminal liability and that the state supreme court's allegedly unforeseeable and retroactive judicial expansion of the statute to include the metabolite as a prohibited substance also deprived her of fair warning. *Id*. at 47-50.

In ground 9 Williams argues that her trial and appellate counsel rendered ineffective assistance in violation of her Sixth and Fourteenth Amendment rights when they failed to raise available constitutional challenges to the application of the driving under the influence statutes to her case (ECF No. 110, pp. 51-53).

In short, this court declined to dismiss these claims as procedurally barred.  This court agreed with Williams that, in its order concluding that the claim was procedurally barred, the Nevada Supreme Court departed from its general practice of sua sponte recognizing a conflict in a situation such as Williams' where counsel who represented her at trial and on appeal was appointed to litigate the postconviction petition (ECF No. 116).  This court held that the Nevada Supreme Court's default rulings in this case were inadequate to bar federal review.  *Id*.

Respondents continue to argue that this court is impermissibly wading into the question of whether a state-law rule existed (ECF No. 119).  However, "the adequacy of state procedural bars to the assertion of federal questions . . . . is not within the State's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" *Lee v. Kemna,* 534 U.S. 362, 375 (2002), quoting *Douglas v. Alabama*, 380 U.S. 415, 422 (1965). Respondents also cite several cases in the motion for reconsideration that they did not raise in their motion to dismiss—though the cases all pre-date the motion to dismiss.  In any event, respondents have not persuaded the court that it should reconsider its order on the motion to dismiss.  Thus, the motion for reconsideration is denied.  The petition stands briefed for adjudication on the merits.

**IT IS THEREFORE ORDERED** that respondents' motion for reconsideration of the court's order on motion to dismiss (ECF No. 119) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file an answer (ECF No. 117) and first, second, and third motions to extend time to file a reply in support of the motion for reconsideration (ECF Nos. 128, 130, 131) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's 4 motions for extension of time to file a response to a motion for reconsideration and a reply in support of the petition (ECF Nos. 120, 122, 123, 125) are all **GRANTED** *nunc pro tunc*.

Dated: March 5, 2019

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE